# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| CHARLIE M. GATSON, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) Case No. CV414-065 |
| | ) CR412-160 |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## **REPORT AND RECOMMENDATION**

Charlie M. Gatson moves for 28 U.S.C. § 2255 relief. Doc. 28. Pursuant to a plea agreement (doc. 25) under which the government agreed to drop Count 2 of the indictment against him, he pled guilty to (Count 1) violating 18 U.S.C. § 922(g)(1) (felon in possession of a firearm. CR412-160, doc. 26 at 1.[1] Under that agreement Gatson waived, to the maximum extent permitted by federal law, both

> the right to appeal the conviction and sentence and the right to collaterally attack the conviction and sentence in any post-conviction proceeding, including a § 2255 proceeding, on *any* ground, except that: (1) Defendant may file a direct appeal of his sentence if it exceeds the statutory maximum; and (2) Defendant

---

[1] All record citations are to the docket sheet for this criminal case. All pinpoint citations are to the page number assigned by the Court's electronic filing system to the upper right hand corner of each page.

may file a direct appeal of his sentence if, by variance or upward departure, the sentence is higher than the advisory sentencing guideline range as found by the sentencing court.

Doc. 25 at 3 (emphasis added); *see also* doc. 18 (Fed. R. Cr. P. 11 proceedings Minute Entry: "The plea agreement contains a limited waiver of appeal, fully acknowledged on the record during the Rule 11 proceedings."). Sentenced to 218 months, doc. 26 at 1, Gatson took no appeal, doc. 29 at 2, but seeks § 2255 relief, arguing that his sentence

> exceeded the statutory maximum. The offense of conviction involved a violation of 18 U.S.C. § 922(g)(1) and the penalty for the offense of conviction is found under 18 U.S.C. § 924(a)(2). The statutory maximum was therefore 10-years with no minimum mandatory. The Sentence exceeded the statutory maximum as it was imposed within the statutory maximum of 18 U.S.C. § 924(e), *15-years to life*. Thus the claim for relief presented *infra* falls within the scope of the acception [sic] to the appeal waiver.

*Id.* at 2 (emphasis added).

Gatson's own words impale his claim. As he himself wrote, he faced 15 years *to life*. He knew this because, long before he pled guilty, the government served him with a Penalty Certification that, under Count One alone, advised that he faced "NOT LESS THAN FIFTEEN (15) YEARS IMPRISONMENT NOR MORE THAN LIFE IMPRISONMENT." Doc. 2 at 1. Gatson does not dispute that range (i.e., argue that the government's certification is just plain wrong, and

2

that the statutory punishment is otherwise). And in fact, he received 18.16 years (218 months), which is less than *life*. Doc. 26 at 2. Hence, his only escape hatch from his waiver is if "the sentence [that he did receive] is higher than the advisory sentencing guideline range as found by the sentencing court." Doc. 25 at 3.

But he does *not* argue that his sentence exceeded the sentencing guidelines maximum. In that regard, the PSI, after detailing Gatson's long criminal career, advises that he "is an armed career criminal." PSI at 8 ¶ 36. It calculates a "guideline imprisonment range [of] 188 months to 235 months." *Id.* at 11 ¶ 56. Gatson raised no objections to that PSI. PSI Addendum at 1. The Probation Officer recommended 225 months, Sentencing Memorandum at 1, but the Court imposed only 218 months. Doc. 26 at 2. He neither challenges that nor contends that his sentence is excessive and thus falls within the exception to the waiver.

The rest of Gatson's § 2255 motion, as informed by his supporting brief, doc. 29, challenges the underlying convictions that figured into his armed career criminal designation and resulting sentence enhancement. Doc. 29 at 4-7. However, that's precisely what he bargained away: The right to directly or collaterally appeal, on *any* ground, any sentence *not*

3

exceeding the statutory or guidelines range. "That merchandise [simply] cannot be returned." *McClendon v. United States*, 2014 WL 358980 at * 3 (S.D. Ga. Mar. 10, 2014), cited in *Fulmer v. United States*, 2014 WL 1698880 at * 3 (S.D. Ga. Apr. 29, 2014).

Gatson's § 2255 motion therefore must be denied. Doc. 28. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this 7th day of May, 2014.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA