**IN THE UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

UNITED STATES OF AMERICA      *

                      *

       v.                 *       CR 412-160

                      *

CHARLIE M. GATSON         *

## O R D E R

Presently before the Court is a request for documents filed by Defendant Charlie M. Gatson. Specifically, Gatson seeks a copy of sentencing transcripts, discovery material,[1] and the docket sheet. (Doc. 66.)

In November 2012, Gatson pled guilty to possession of a firearm by a convicted felon. The Court imposed a sentence of 218 months imprisonment on March 27, 2013. Gatson did not appeal. Instead, he filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. This habeas petition was ultimately denied upon the Court's finding that Gatson's counsel did not render ineffective assistance in failing to object to two of the three prior convictions used to enhance his sentence under the Armed Career Criminal Act. (See Report and Recommendation of

---

[1] The Court's criminal case file does not contain discovery documents. Thus, they could not be provided to Gatson in any event.

May 19, 2016, Doc. 52; Order of June 13, 2019, Doc. 55.) The Eleventh Circuit denied Gatson's motion for a certificate of appealability on February 1, 2017. (Doc. 63.)

Now, having already prosecuted one habeas case through appeal, Gatson seeks documents in order to "proceed with his appellate process, or to initiate an appellate process; to include but not be limited to his right to an Habeas Corpus proceeding/filing." (Doc. 66.) First, this Court is compelled to note that Gatson may not file another habeas petition in the district court unless and until the Eleventh Circuit grants him authorization to do so. See 28 U.S.C. §§ 2255, 2244(b)(3). Second, an indigent defendant does not have an absolute constitutional right to a free copy of his transcript or other court records for use in a collateral proceeding. Jefferies v. Wainwright, 794 F.2d 1516, 1518 (11th Cir. 1986) ("Denial of a free transcript to an indigent defendant is unconstitutional only where the transcript is valuable to the defense and no functional alternatives exist."); see also United States v. MacCollom, 426 U.S. 317 (1976). A defendant does not have the right to a free transcript simply to search for possible error. Colbert v. Beto, 439 F.2d 1130 (5th Cir. 1971).[1]

---

[1] The Eleventh Circuit has adopted as binding precedent all decisions issued by the former Fifth Circuit prior to October 1,

Here, Gatson does not have a pending collateral proceeding, and he has provided no specific reason for obtaining the documents he seeks. Accordingly, his motion to receive a copy of his sentencing transcript and other material (doc. 66) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this ___8th___ day of October, 2019.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

1981. <u>See</u> <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

3