IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 412-160 |
| | * | |
| CHARLIE M. GATSON | * | |

**O R D E R**

Before the Court in the captioned criminal matter is Defendant Charlie M. Gatson's *pro se* Petition for Writ of *Audita Querela*.

In March 2013, after being convicted on a charge of possession of a firearm by a convicted felon, Gatson was sentenced to 218 months imprisonment. Gatson did not appeal. Instead, he filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. This habeas petition was ultimately denied upon the Court's finding that Gatson's counsel did not render ineffective assistance in failing to object to two of the three prior convictions used to enhance his sentence under the Armed Career Criminal Act. (See Report and Recommendation of May 19, 2016, Doc. 52; Order of June 13, 2019, Doc. 55.) The Eleventh Circuit denied Gatson's motion for a certificate of appealability on February 1, 2017. (Doc. 63.)

In his current motion, Gatson argues that the United States Supreme Court's recent decision in Rehaif v. United States, ---

U.S. ---, 139 S. Ct. 2191 (Jun. 21, 2019), invalidates his conviction and that his attorney was ineffective for advising him to plead guilty. Stated another way, had his counsel not advised him to plead guilty, he would not have been found guilty of possession of a firearm under Rehaif.

A writ of *audita querela* "is a slender reed upon which to lean." United States v. Banda, 1 F.3d 354, 357 (5th Cir. 1993), abrogated on other grounds by Padilla v. Kentucky, 559 U.S. 356 (2010). It is an ancient writ, long ago abolished in federal civil proceedings, see Fed. R. Civ. P. 60(b) advisory committee note, and having questionable relevance to criminal sentences. In fact, while certain common-law writs may be used to "fill the interstices of the federal post-conviction remedial framework, . . . [a] writ of *audita querela* may not be granted when relief is cognizable under § 2255." United States v. Holt, 417 F.3d 1172, 1174-75 (11th Cir. 2005). That is, when a defendant's contentions could otherwise be raised in a § 2255 motion, the writ is not available because there is no gap to fill in the postconviction remedies. Massey v. United States, 581 F.3d 172, 174 (3d Cir. 2009); United States v. Valdez-Pacheco, 237 F.3d 1077, 1080 (9th Cir. 2001). Even if a defendant may not be able to obtain relief under § 2255 because of procedural barriers such as the second or successive rule, a district court may not invoke the writ. See Morales v. Fla. Dep't of Corr., 346 F. App'x 539, 541 (11th Cir. 2009).

Here, Gatson essentially asks the Court to invalidate his conviction. Despite his protestations to the contrary, the grounds asserted by him in his petition are cognizable under 28 U.S.C. § 2255. Thus, he must seek authorization from the Eleventh Circuit Court of Appeals in order to file a second or successive § 2255 petition in which to raise his Rehaif claims. See 28 U.S.C. §§ 2255, 2244(b)(3). Gatson may not use the extraordinary writ of *audita querela* to circumvent the restrictions on filing second or successive § 2255 motions. Accordingly, his Petition for a Writ of *Audita Querela* (doc. 68) is hereby **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 15th day of November, 2019.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

3